**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CARROLL FERRAIO,**

                 **Plaintiff,**                         Civil Action No.

-against-                                                  **COMPLAINT**

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**

                 **Defendant.**

---

**I.  INTRODUCTION**

1.  This is an action for damages brought by an individual consumer for the violation by Defendant Portfolio Recovery Associates, LLC of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  The debt sought to be collected by Portfolio Recovery Associates, LLC was an alleged consumer credit debt of Plaintiff Carroll Ferraio to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

**II.  JURISDICTION AND VENUE**

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

**III.  PARTIES**

3.  Plaintiff Carroll Ferraio (hereinafter called "Ferraio") is a natural person residing in the County of Monroe at 225 Greenway Blvd. Churchville, New York 14428.

4. Upon information and belief, Defendant Portfolio Recovery Associates, LLC (hereinafter called "Portfolio") is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5. Portfolio is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Portfolio itself as a result of the purchase of consumer credit debt already in default at the time of purchase. Upon information and belief, Portfolio purchased the consumer credit debt alleged to be owed by Ferraio after it was already in default.

6. Ferraio qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

**IV.   FACTUAL ALLEGATIONS**

7. Portfolio allegedly commenced a lawsuit against Ferraio in Canandaigua City Court, County of Ontario, State of New York, within the past year by service of a Summons and Complaint filed in the Canandaigua City Court Clerk's Office in March of 2015. The Canandaigua City Court action was for the purpose of collecting consumer credit debt allegedly owed by Ferraio to Portfolio. The consumer credit debt was allegedly purchased by Portfolio from account seller GE Capital Retail Bank. The Summons alleged that Ferraio resided in the Town of Farmington, County of Ontario.

8. Subsequent to the alleged service of the Summons and Complaint, Ferraio served an answer denying the allegations of the collection Complaint and raising, among others, the affirmation defense of lack of jurisdiction, and thereafter made a motion for summary judgment to dismiss the Complaint on the grounds that Canadaigua City Court lacked jurisdiction.

9. Specifically, pursuant to N.Y. Uniform City Court Act § 213, in an action described in N.Y. Uniform City Court Act § 202 [for the recovery of money], a plaintiff or defendant must "be a resident of the city or of a town contiguous to such city" by land to be properly brought in the City Court of that City.  Uniform City Court Act § 1002(b) provides that an "objection based upon § 213(a) of this act, relative to residence or business within the city, shall be treated, for purposes of this section and N.Y. CPLR 3211, as if it were an objection under N.Y. CPLR Rule 3211(a)(8), relative to the court's jurisdiction of the person of the defendant."

10. Ferraio's residence address was at the time of commencement of the collection action and still is at 225 Greenway Blvd., Churchville, New York 14428, which is in the Town of Riga, County of Monroe, State of New York, and is not contiguous to the City of Canandaigua, New York.  Moreover, the address alleged in the collection Summons and Complaint to be Ferraio's address was 6146 Amber Drive, Farmington, New York 14425.  That address is located in the Town of Farmington, which is likewise not contiguous to the City of Canadaigua by land.

11. At a motion term of Canadaigua City Court held on June 18, 2015, the Hon. John A. Schuppenhauer, Canadaigua City Court Judge, granted Ferraio's motion for summary judgment dismissing the Complaint based on Canadaigua City Court's lack of

jurisdiction.

**V.  CLAIM FOR RELIEF**

12.   Ferraio repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

13.   By bringing the collection Complaint against Ferraio in Canandaigua City Court, despite the fact that Ferraio did not reside in the City of Canandaigua or a town contiguous by land to the City of Canandaigua, as required under New York law, Portfolio violated 15 U.S.C. § 1692i(a), which states in relevant part in regard to Venue as follows:

> Any debt collector who brings any legal action on a debt against any consumer shall —
> . . .
> (2) . . . bring such action only in the judicial district or similar legal entity —
>   (A) in which such consumer signed the contract sued upon; or
>   (B) in which such consumer resides at the commencement of the action.

14.   Ferraio is responsible for attorney fees for defending the Canandaigua City Court action in the amount of $500.

15.   As a result of Portfolio's violation of 15 U.S.C. § 1692i, Ferraio is entitled to actual damages (including but not limited to attorney fees in obtaining a dismissal of the collection action in Canandaigua City Court), statutory damages, attorney fees for this FDCPA action, and costs and disbursements of this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Portfolio awarding Ferraio actual damages (including but not limited to attorney fees in the amount of $500 for defending the Canandaigua City Court action), statutory damages, attorney fees in prosecuting the FDCPA action, costs and disbursements of this action, and such other and further relief as may be deemed just and proper.

Dated: July 8, 2015

      Respectfully submitted,

      s/David M. Kaplan
      David M. Kaplan
      Attorney for Plaintiff
      2129 Five Mile Line Road
      Penfield, NY 14526
      585-330-2222
      dmkaplan@rochester.rr.com